129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lenroy BROWN, Plaintiff-Appellant,
v.
John HURLEY and Dr. James Reed, Defendants-Appellees.
 No. 96-4092.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 25, 1997.*
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se litigant Lenroy Brown brought a Bivens action against John Hurley and Dr. James Reed, the warden and the director of Health Services, respectively, at the Federal Correctional Institution at Oxford, Wisconsin, where Brown is incarcerated. See 28 U.S.C. § 1331; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Brown alleged that Hurley and Dr. Reed violated his Eighth Amendment right to be free from cruel and unusual punishment based on the medical treatment he received for his kidney stones. The district court granted the defendants' motion for summary judgment. On appeal, Brown argues that the district court erred in not finding the defendants deliberately indifferent to his serious medical needs. We affirm.
 
 
 2
 On June 25, 1993, Brown reported to the prison health staff that he was suffering from severe pain caused by urological difficulties. Between that time and August 16, 1993, when he was diagnosed with a number of ailments including kidney stones, he was seen several times by prison staff, who administered medication for Brown's pain. Over the course of the next two years, Brown was repeatedly examined; he also received a substantial amount of medical attention, including treatment by non-governmental physicians. Medical personnel inserted a ureteral stent to ease removal of the kidney stones, and a procedure known as lithotripsy was twice performed, once on July 7, 1995, and again on February 13, 1996, to treat Brown's condition. Throughout this period Brown suffered severe pain. Following the district court's grant of summary judgment on November 26, 1996, Brown was transferred to the Federal Medical Center at Springfield, Illinois, where he received an unspecified treatment for his condition that apparently relieved his pain.
 
 
 3
 The medical treatment a prisoner receives while incarcerated is subject to scrutiny under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-06 (1976). To sustain an Eighth Amendment claim, a prisoner must show that the deprivation he suffered was "objectively, sufficiently serious," a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 510 U.S. 825, 834 (1994). In addition, the prison official must act or refuse to act with "deliberate indifference to inmate health or safety," id. at 835-36; that is, he must "know[ ] of and disregard[ ] an excessive risk to inmate health," id. at 837. The test for deliberate indifference is subjective: the official must be aware of the facts that permit the inference of a "substantial risk of serious harm"; and the official must draw the inference. Id. Inappropriate medical treatment based on mere negligence, or even "a series of purely negligent acts" is not, however, the same as deliberate indifference to a serious medical need. Sellers v. Henman, 41 F.3d 1100, 1102-03 (7th Cir.1994).
 
 
 4
 Brown argues that his continued suffering was the result of Dr. Reed's gross medical incompetence, and that Reed's "negligent treatment continue[d] over an extended period of time," resulting in "unnecessary and wanton infliction of pain." The record before the district court indicates not that Reed was deliberately indifferent to Brown's condition, but that Reed made medical decisions concerning the treatment Brown was receiving. See Steele v. Choi, 82 F.3d 175, 178-79 (7th Cir.1996). Though Brown has questioned the soundness of those decisions, the record does not suggest that the medical treatment Brown received was so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) (internal quotation and citation omitted).
 
 
 5
 Brown was treated for his ailments, and Dr. Reed was actively involved in that treatment, including efforts to manage Brown's pain. In addition, Dr. Reed consulted with outside physicians who participated in treating Brown. Brown acknowledges that he was often seen and given medication for his condition, but argues that a different course of treatment administered earlier would have cured his condition and alleviated a great deal of his suffering. The efficacy or desirability of one course of treatment relative to another, however, are questions that call for the exercise of medical judgment. See Estelle, 429 U.S. at 107. The Eighth Amendment was not intended to be a "vehicle for bringing claims for medical malpractice." Snipes, 95 F.3d at 590. Brown must present some evidence showing not merely that a reasonably competent physician ought to have known that this treatment regimen posed an excessive risk of serious harm, but that Dr. Reed knew he was subjecting Brown to an excessive risk and yet proceeded with deliberate indifference in the face of that risk. See Farmer, 511 U.S. at 837; Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996). Because Brown made no such showing, the district court properly granted the motion for summary judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)